UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

JEFFREY MOCK ET AL.                              CIVIL ACTION

VERSUS                                           NO. 11-2057 & consol'd cases
                                                 **(this order pertains to 11-2653**)

GRADY-WHITE BOATS, INC. ET AL.                   SECTION "J" (2)

**REPORT AND RECOMMENDATION**

Plaintiffs' Motion for Approval of Settlement Affecting Minors' Interests, Record Doc. Nos. 194 and 198 (Memorandum in Support filed under seal), was referred to me by the presiding district judge. Record Doc. No. 145. Jacques P. DeGruy, counsel for defendant Grady-White Boats, Inc. ("Grady-White"), has advised the court (by letter filed separately in the record) that Grady-White does not oppose plaintiffs' motion. Record Doc. No. 199. No other party to these consolidated cases has filed any response to the motion.

For the following reasons, **IT IS RECOMMENDED** that plaintiffs' Motion for Approval of Settlement Affecting Minors' Interests be GRANTED.

"In order to ensure that minor's (sic) claims are carefully scrutinized, Louisiana courts and the Fifth Circuit have found the [Louisiana] statutory scheme to compel prior approval of a settlement or compromise of such claims" applicable to motions of this type. Carter v. Fenner, 136 F.3d 1000, 1009 (5th Cir. 1998). Under federal law, it is well

established that "[t]he court, whose duty it is to protect the interests of the infant, should see to it that they are not bargained away by those assuming ... to represent him"); Torres v. Trinity Inds. Inc., 229 F. Supp.2d 598, 613 (N.D. Tx. 2002) (quoting In re Moore, 209 U.S. 490, 497, 28 S.Ct. 585, 52 L.Ed. 904 (1908); citing Coulson v. Walton, 34 U.S. 62, 84, 9 Pet. 62, 9 L.Ed. 51 (1835) (saying "[i]t is the duty of the court to protect the interests of minors"); Johnson v. Ford Motor Co., 707 F.2d 189, 194 (5th Cir. 1983) ("[T]he court should, on its own motion, determine whether the infant's interests are adequately protected."); Chrissy F. v. Miss. Dep't of Pub. Welfare, 883 F.2d 25, 27 (5th Cir.1989) ("'[T]he infant is always the ward of every court wherein his rights or property are brought into jeopardy, and is entitled to the most jealous care that no injustice be done him.'") citing duPont v. Southern Nat'l Bank of Houston, Tex., 771 F.2d 874, 882 (5th Cir.1985) and quoting Richardson v. Tyson, 110 Wis. 572, 86 N.W. 250, 251 (1901))).

The law of the forum state in which this court sits is equally clear: "It is axiomatic under Louisiana law that a person compromising or settling the claim of a minor child shall follow certain explicit rules. In cases where such protections are not observed, "[t]he courts of Louisiana have been most protective of the minor's interests in the area surrounding settlement of claims, and have not hesitated to nullify any settlement or compromise that was not judicially approved." L. Oppenheim, The Basic Elements of

Tutorship in Louisiana, 44 Tul. L. Rev. 452, 493 (1970)," quoted in Carter, 136 F.3d at 1007.

As to this motion, the subject named plaintiff, Tony Burns, is the natural father of two minor children, whose mother, Kerri Burns, is the decedent whose death in the capsizing of a recreational fishing boat gave rise to the claims of the children asserted in this case. The children live with their father, and they are all Alabama citizens.

This products liability and wrongful death action, consisting of four individual consolidated cases, was vigorously prosecuted and defended in this court over a 20-month period based upon both maritime and diversity of citizenship jurisdiction and the location of the accident in Louisiana state waters. Three defendants were named, but all plaintiffs, including Burns, focused their case against defendant Grady-White Boats, Inc., the manufacturer of both the boat on which the decedent was a passenger and a particular component part of the boat, a hatch cover plaintiffs alleged leaked due to deficient design. The two other defendants were the Estate of Harold D. Dowsey, the individual operator of the boat who had a small applicable insurance policy and who was also killed in the accident, and Beckson Marine, Inc., the manufacturer and/or seller of certain component parts allegedly incorporated into the boat. Defendants strongly contested the myriad and complex technical, scientific and legal issues, as to both liability and quantum.

In an effort to sustain their daunting burden of proof and to counter the serious design, causation and quantum defense mounted by defendants, plaintiffs' counsel necessarily engaged six (6) expert witnesses in the fields of marine engineering, marine design, naval architecture, geography, marine surveying and meteorology. Discovery was extensive, including substantial written discovery, 24 oral depositions and six (6) motions to compel. One trial continuance was necessitated by the broad scope and volume of discovery, expert evaluation and report-writing, settlement negotiations and trial preparation.  Record Doc. Nos. 89 and 94. Dispositive and trial-related motion practice before the district judge was also extensive, including two (2) motions to exclude witnesses, five (5) motions for summary judgment and several pretrial motions in limine. The parties' substantial settlement efforts included several sessions of both private mediation and settlement conferences with the court.

At the conclusion of this lengthy and involved process and shortly before trial, counsel for the Burns interests obtained a substantial settlement, including payment from all three defendants. Because the parties have agreed to a confidentiality provision in their settlement agreement, which involves rights and losses of minor children of a personal and sensitive nature, the amount of the settlement is set out in a separate, attached exhibit to this report and recommendation, which I will have filed in the record under seal and which I will separately provide to the presiding district judge for his ease

of reference. I know from my involvement in the settlement conferences conducted by other claimants before me that the amounts to be paid in settlement of the claims of the Burns minor children are consistent with the settlement amounts reached by the other claimants with these same defendants.

In addition, prudently acting in what is clearly the best interests of his minor children, their father, plaintiff Burns, has established irrevocable spendthrift trusts in which the substantial principal net proceeds of the settlement will be deposited for the future security and benefit of his children. The trust documents, which are attached as exhibits to this motion, insure that the settlement funds will be available to the children in three incremental distributions when they reach mature adulthood at the ages of 25, 30 and 35. The initial trustees are the children's father – the plaintiff Burns – and a certified public accountant in the Alabama community where they live. The considerable and reasonable amount of the settlement achieved, the high degree of competency exhibited by plaintiff's counsel in prosecuting the case, and the prudent actions of the children's natural father in their case, custody and "in trust" preservation of the minors' interest in the settlement funds all establish that the children have been well represented and their interests protected. Under these circumstances, in which the minor children's father, with whom they live and in whom the principal responsibility for their care and custody actually resides, is their "next friend," I find it unnecessary to exercise the

court's discretion to appoint a guardian ad litem in this case, since their father – the plaintiff Tony Burns – has acted in a completely responsible fashion, no conflict of interest is apparent, and there is no reason to doubt his trustworthiness. Fed. R. Civ. P. 17(c); Croce v. Bronley Corp., 623 F.2d 1084, 1093 (5th Cir. 1980).

Considering the complex, highly technical and uncertain nature of the liability dispute in this case, the uncertainty of the outcome at trial, the extent of the damages suffered, the expense and anticipated time required for trial preparation and the trial itself, and the responsible and prudent action of plaintiff Tony Burns and counsel, I find that the proposed settlement reached for the Burns claimants in this case is entirely fair and reasonable and should be approved by the court.

Finally, the motion seeks payment from the settlement amount to the Burns interests' counsel of attorneys' fees in the amount of "40% of the amount collected on the . . . settlement," as provided in their written contingent fee contract, and expenses incurred by counsel attributable to prosecution of the case. The expenses amount is supported by counsel's detailed "Matter Ledger Reports," which are attached as exhibits to the motion and which also reflect the scope and extent of time and effort expended by plaintiff's counsel in such necessary tasks as legal research, deposition taking, expert consultation and disclosures, inspection of the boat and accident scene, evidence preparation and physical presentation, litigation related travel, private mediation and

obtaining official incident reports for review. The ledger reports also reflect at least one gracious expenditure by counsel on behalf of plaintiffs that may be considered an element of their damages, a grave marker at Wolfe Memorial Gardens.  Again, in light of the confidentiality provision in the parties' settlement agreement, the amounts of fees and costs sought by plaintiff's counsel are set out for ease of reference by the presiding district judge in the sealed attachment to this report and recommendation.

Contingent fee contracts "have been approved by the courts so long as they do not result in an attorney collecting a clearly excessive fee which has not been earned . . . ." Smith v. Surjaamadja, 2004 WL 1336413, *2 (E.D. La. 2004) (Duval, J.). Courts evaluate contingent fee contracts "under a reasonableness standard," Voth Oil Co., Inc. v. United States, 108 Fed. Cl. 98, 105 (U.S. Ct. Fed. Claims 2012), including consideration of what is "not totally out of line with community standards for this type of case . . . ." Karim v. Finch Shipping Co., Ltd., 233 F. Supp. 2d 807, 811 (E.D. La. 2002) (Fallon, J.), aff'd, 374 F.3d 302 (5th Cir. 2004). "Moreover, like other fee arrangements, contingent fee agreements are subject to [Louisiana Rules of Professional Conduct] Rule 1.5(a)'s standard of reasonableness, which borrows from Johnson v. Georgia Highway Express, 488 F.2d 714, 717-19 (5th Cir. 1974)." Breaux v. Vintage Petroleum, 2005 WL 3536074, *2 (E.D. La. 2005) (Fallon, J.).  These Johnson factors to be considered in the reasonableness evaluation, under both federal or Louisiana law,

are (1) the time and labor required for the litigation; (2) the novelty and difficulty of the questions presented; (3) the skill required to perform the legal services properly; (4) the preclusion of other employment by the attorney by acceptance of the case; (5) the customary fee; (6) whether the fee is fixed or contingent; (7) time limitations imposed by the client or circumstances; (8) the amount involved and the result obtained; (9) the experience, reputation and ability of the attorneys; (10) the "undesirability" of the case; (11) the nature and length of the professional relationship with the client; and (12) awards in similar cases. No Barriers, Inc. v. Brinker Chili's Tex., Inc., 262 F.3d 496, 500 (5th Cir. 2001) (citing Johnson, 488 F.2d at 718).

"We cannot overemphasize the concept that a district court has broad discretion in determining the amount of a fee award. This tenet is 'appropriate in view of the district court's superior understanding of the litigation and the desirability of avoiding frequent appellate review of what essentially are factual matters.'" Associated Builders & Contractors of La., Inc. v. Orleans Parish Sch. Bd., 919 F.2d 374 (5th Cir. 1990) (quoting Hensley v. Eckerhart, 461 U.S. 424, 437 (1983)). Similarly, awardable litigation costs must be reasonable and incurred as a necessary part of the lawyer's conduct of a case, and the awardable amount of litigation costs is committed to a district court's broad discretion. Gagnon v. United Technisource, Inc., 607 F.3d 1036, 1045 (5th Cir. 2010).

Applying the foregoing standards, I find that both the 40% contingent fee and the amount of litigation expenses sought by plaintiff's counsel are reasonable and awardable. Evaluation of the Johnson factors supports this conclusion. The time, labor and skill required and the difficulty of the issues involved in the litigation were substantial. The amount involved and the result obtained were both large. The experience, reputation, ability and professional relationship with the client of the lawyers involved have been excellent. The 40% contingent fee charged is customary and has been specifically awarded in similar kinds of cases by this court and others. See Smith, 2004 WL 1336413 at *2 (awarding 40% of all recovery plus costs in lieu of 50% fee provided in contingent fee contract for personal injury case); Voth Oil Co., 108 Fed. Cl. at 105 (approving 40% contingent fee in settled property expropriation class action); Karim, 233 F. Supp.2d at 811 (finding 40% contingent fee "generous" but awardable in a seaman's personal injury case "given the complexity of the legal issues and the cost and difficulty of conducting . . . discovery and procuring the necessary expert witnesses.").

## RECOMMENDATION

For all of the foregoing reasons, **IT IS RECOMMENDED** that plaintiffs' Motion for Approval of Settlement Affecting Minors' Interests be GRANTED, based upon a finding that the settlement and the requested distribution from it of attorneys' fees and costs are fair, reasonable and in the best interests of the minor children.

A party's failure to file written objections to the proposed findings, conclusions, and recommendation in a magistrate judge's report and recommendation within fourteen (14) days after being served with a copy shall bar that party, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by the district court, provided that the party has been served with notice that such consequences will result from a failure to object. <u>Douglass v. United Servs. Auto. Ass'n</u>, 79 F.3d 1415, 1430 (5th Cir. 1996) (en banc) (citing 28 U.S.C. § 636(b)(1)).[1]

New Orleans, Louisiana, this \_\_\_\_17th\_\_\_\_ day of April, 2013.

_____
JOSEPH C. WILKINSON, JR.
UNITED STATES MAGISTRATE JUDGE

---

[1] <u>Douglass</u> referenced the previously applicable ten-day period for the filing of objections. Effective December 1, 2009, 28 U.S.C. § 636(b)(1) was amended to extend the period to fourteen days.